IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **COREY TAYLOR #508901,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | NO. 3:22-cv-00616 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| **DARON HALL, et al.,** | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

Petitioner Corey Taylor, a state pretrial detainee, filed a pro se habeas corpus petition under 28 U.S.C. § 2241 (Doc. No. 1) and an application to proceed as a pauper. (Doc. No. 5). It appears that he cannot pay the $5 filing fee without undue hardship, so the application (Doc. No. 5) is **GRANTED**. The Petition is now before the Court for preliminary review. *See* Habeas Rule 4; Habeas Rule 1(b) (allowing application of Habeas Rules to Section 2241 petitions). And for the following reasons, the Petition will be **DISMISSED** without prejudice.

## I. BACKGROUND

Petitioner has been confined at the Davidson County Sheriff's Office awaiting trial since March 15, 2022. (Doc. No. 1 at 1). His charges originated in General Sessions Case Nos. GS963967 and GS963968. (*Id.*). He alleges that there has been "no way to post bail and no grand jury indictment" during this time (*id.*), but the Court takes judicial notice that Petitioner's general sessions cases were closed when he was indicted on two counts of aggravated kidnapping in Criminal Court Case No. 2022-C-1359, and that his bail is currently set at $110,000.[1] Petitioner

---

[1] This information is taken from the Davidson County Criminal Court database. *See* https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2301073%5E5596520%5ECJIS/COREY%5ETAYLOR%5E07011987%5E508901/ (last visited Oct. 5, 2022); Fed. R. Evid. 201(b) (allowing judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

alleges that he filed a pro se motion invoking his speedy trial rights on March 28, 2022, and the trial court ignored it. (*Id.* at 2).

The alleged victim in Petitioner's criminal case is his ex-girlfriend. (*Id.* at 1). Petitioner alleges that his sister and ex-girlfriend conspired to "cause him undue deprivations of his liberty." (*Id.*). He says that his family members have made public accusations against him, causing him anxiety. (*Id.*). Meanwhile, Petitioner says that when he informed counsel of a witness who "could testify on his behalf," counsel responded that the witness would not make a difference. (*Id.* at 2).

Liberally construing the Petition, the Court understands Petitioner to claim that: (1) the lack of an indictment violates his due process rights; (2) his bail is excessive; (3) the delay in proceedings violates his speedy trial rights; and (4) his counsel has provided constitutionally ineffective assistance. (*See id.* at 1–2).

## II. ANALYSIS

The Court must summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4; *see also Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (citing *McFarland v. Scott*, 512 U.S. 849, 856 (1994)). A petition meets this standard "when it raises 'legally frivolous claims' or 'factual allegations that are palpably incredible or false.'" *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021) (citations omitted).

**A. Due Process and Ineffective Assistance**

As an initial matter, Petitioner's due process claim that he is being held without an indictment is contradicted by the Davidson County database. Petitioner has been indicted on two counts of aggravated kidnapping in Case No. 2022-C-1359, so this claim is baseless.

2

As to both Petitioner's due process claim and his ineffective-assistance claim, moreover, a Section 2241 habeas petition is not the proper vehicle to consider these claims. That is because they "fall within the rule that federal courts generally abstain from intervening in pending state proceedings to address issues that 'may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.'" *MPawinayo v. Hall*, No. 3:20-cv-01097, 2021 WL 1984944, at *2 (M.D. Tenn. May 18, 2021) (citing *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981)) (rejecting pretrial detainee's federal habeas claims of ineffective assistance and "prosecution by valid indictment or presentment"). If Petitioner is convicted in state court, he may bring due process and/or ineffective-assistance claims in a federal habeas petition filed under 28 U.S.C. § 2254, following the proper exhaustion of state court remedies for those claims. *See Gully v. Kunzman*, 592 F.2d 283, 287–88 (6th Cir. 1979) (rejecting due process claim in pretrial habeas petition because "post-conviction habeas corpus remedies are available in the federal courts" "[a]fter exhaustion of remedies in the state courts"); *Williams v. Burt*, 949 F.3d 966, 969 (6th Cir. 2020) (addressing ineffective-assistance-of-counsel claim brought in "a petition for relief under 28 U.S.C. § 2254" "[f]ollowing [petitioner's] state court proceedings"). In this pretrial habeas proceeding, however, these two claims will be summarily dismissed.

**B. Speedy Trial**

A pretrial detainee can potentially bring a speedy trial claim in a Section 2241 petition. *See Atkins*, 644 F.2d at 546 ("On occasion federal courts have, prior to trial, issued writs of habeas corpus ordering a prompt trial."). Unless there are "unusual circumstances," however, the detainee generally must first exhaust state remedies. *See Fisher v. Rose*, 757 F.2d 789, 792 (6th Cir. 1985) (collecting cases). "[T]his usually requires that" the detainee "appeal an adverse decision all the way to the state's court of last resort." *Phillips v. Ct. of Common Pleas, Hamilton Cnty., Ohio*, 668

3

F.3d 804, 810 & n.4 (6th Cir. 2012) (citing *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008)). In Tennessee, presentation of a claim to the Tennessee Court of Criminal Appeals is sufficient for exhaustion. *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003) (citing Tenn. Sup. Ct. R. 39).

Petitioner has not exhausted his speedy trial claim. Although he alleges that the trial court ignored his pro se motion invoking speedy trial rights on March 28, 2022, he also recognizes that he has been represented by counsel since March 22, 2022. (Doc. No. 1 at 2). "Tennessee courts have consistently restricted defendants from 'representing themselves while simultaneously being represented by counsel.'" *Hill v. Carlton*, 399 F. App'x 38, 43 (6th Cir. 2010) (quoting *Williams v. State*, 44 S.W.3d 464, 469 (Tenn. 2001)). Therefore, Petitioner did not properly raise this claim through his pro se motion. *See Wallace v. Sexton*, 570 F. App'x 443, 451 (6th Cir. 2014) (holding that petitioner's claims were not properly raised through a pro se brief that was ignored by the state court). And Petitioner gives no indication that he presented a speedy trial claim to a higher state court. Accordingly, this claim is subject to dismissal for failure to exhaust.

It is also legally frivolous, given Petitioner's requested relief. He seeks immediate release and dismissal of the pending state charges with prejudice. (Doc. No. 1 at 2). But "[s]peedy trial considerations can be a basis for federal pre-trial habeas relief . . . only where the petitioner is seeking to force the state to bring him to trial; they are not a basis for dismissing a pending state criminal charge outright." *Mosson v. Napoleon*, No. 2:13-14779, 2013 WL 6804165, at *3 (E.D. Mich. Dec. 23, 2013) (citing *Atkins*, 644 F.3d at 547); *see Mayes v. Commonwealth of Ky.*, No. CV 5:16-405-DCR, 2016 WL 7104846, at *2 (E.D. Ky. Dec. 5, 2016) (quoting *Atkins*, 644 F.2d at 546) (noting "the problems with a federal court dismissing a state court case on the basis of a speedy trial claim, given that this relief 'could not be more disruptive of pending state actions'"). Accordingly, the Court cannot grant Petitioner his requested relief on this claim.

4

## C. Excessive Bail

Finally, Petitioner's excessive bail is also potentially reviewable in a Section 2241 proceeding. *See Atkins*, 644 F.2d 549 (citations omitted) ("The protection against unreasonable bail pending trial has been found by the federal courts to be one of the few rights . . . whose vindication may be asserted prior to trial, either by direct appeal of an adverse interlocutory order or by a petition for habeas corpus."). But like his speedy trial claim, this claim must be exhausted in state court before asserting it in a federal habeas petition. *See Phillips*, 668 F.3d at 810 & n.4. To exhaust an excessive bail claim, a Tennessee petitioner must file a bail reduction motion in the trial court; if that is unsuccessful, the petitioner must file "a motion for review in the court of criminal appeals"; and if that is unsuccessful, the petitioner may file "a motion for review in the state supreme court." *Witherspoon v. Oldham*, No. 17-cv-2535-SHM-cgc, 2018 WL 1053548, at *4 (W.D. Tenn. Feb. 26, 2018) (citing Tenn. Code Ann. § 40-11-1144; Tenn. R. App. P. 8).

There is no indication that Petitioner has taken the first step to exhausting an excessive bail claim by filing a bail reduction motion in the trial court. Unless and until Petitioner does so, and he appeals any adverse ruling to the Tennessee Court of Criminal Appeals, this Court cannot consider his excessive bail claim in a Section 2241 proceeding. *See Shah v. Quintana*, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017) (citations omitted) ("[S]ua sponte dismissal . . . may be appropriate where a petitioner's failure to exhaust is apparent from the face of the pleading itself."); *Sultaana v. Bova*, No. 1:12CV3117, 2013 WL 3947647, at *3 (N.D. Ohio July 31, 2013) (dismissing excessive bail claim for failure to exhaust on preliminary review).

## III. CONCLUSION

For these reasons, the Petition (Doc. No. 1) is **DISMISSED** without prejudice, and the Clerk is directed to close the file.

5

Because this is a "final order adverse to" Petitioner, the Court must grant or deny a certificate of appealability (COA). Habeas Rule 11(a). A COA requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a habeas petition is "denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner has not satisfied this standard, so the Court **DENIES** a COA. If Petitioner files a notice of appeal in this Court, however, he may request a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE